UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MARK E. MARTIN, | ) | CIV. 11-5069-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | IMMEDIATE CEASE AND |
| | ) | DESIST ORDER AND |
| UNITED STATES OF AMERICA, | ) | PROTECTIVE ORDER (TRO) |
| | ) | |
| Defendant. | ) | |

On August 9, 2011, in the Fourth Judicial Circuit Court, the state of South Dakota indicted plaintiff Mark Martin on two drug-related offenses. (Docket 4-1). On August 29, 2011, in the United States District Court for the District of South Dakota, Mr. Martin filed a motion seeking to enjoin the state from going forward with its prosecution. (Docket 4).

The court notes it has subject matter jurisdiction over the action because Mr. Martin alleges a violation of his Fifth Amendment privilege against double jeopardy as applicable to the states through the Fourteenth Amendment. See 28 U.S.C. § 1331 (federal question). However, the Anti-Injunction Act precludes the court from enjoining state proceedings except in limited circumstances, none of which apply here.[1] See 28 U.S.C. § 2283. The court

---

[1] Because the Anti-Injunction Act bars relief, the court need not consider the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37 (1971), and its progeny. See Ward v. Simpers, No. RDB-07-3266, 2008 WL 2271486 at *6, n. 10 (D. Md. May 29, 2008) (noting the Anti-Injunction Act and the Younger doctrine operate independently); Londono-Rivera v. Virginia, 155 F. Supp. 2d 551, 559 (E.D. Va. 2001) (noting an injunction of a state criminal proceeding is only appropriate if circumstances meet the requirements of both the Anti-Injunction Act and the Younger doctrine).

does not have the authority to grant Mr. Martin the relief he seeks. Accordingly, it is hereby

ORDERED that Mr. Martin's motion (Docket 4) is denied. The action is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Martin's motion to proceed *in forma pauperis* (Docket 3) is denied as moot because the $350 filing fee is not due.

Dated September 2, 2011.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE